**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| RICHARD H. FLANIGAN and PAMELA S. FLANIGAN | : : : | Case No. 06-20473 JAD |
| Debtors. | : : | Chapter 11 |
| SAMALEX TRUST, | : : | |
| Movant, v. | : : : | Related to Docket No. 130 |
| RICHARD H. FLANIGAN and PAMELA S. FLANIGAN, | : : : | |
| Respondents. | : | |

**MEMORANDUM ORDER**

The matter before the Court is Samalex Trust's Objection to Exemptions (the "Objection"), which is a core proceeding pursuant to 28 U.S.C.§ 157(b)(2)(B). For the reasons expressed below, the Objection is overruled.

**I.
Background**

Samalex Trust ("Samalex") objects to the exemptions claimed by the Debtors in certain real property that was the Debtors' former residence and in stock of companies owned and operated by the Debtors.

00001236.WPD

As to the exemption taken in the real property in the amount of $49,732.88, Samalex objects on the grounds that Debtors are not entitled to an exemption in this real property under 11 U.S.C. §522(d)(1) since Debtors do not reside in the property.[1] Therefore, according to Samalex, the only statutory exemption available concerning the real estate is the "wild-card" exemption provided by 11 U.S.C. §522(d)(5).[2]

Debtors have also exempted their stock in Flanigan Trucking Service, Inc. and Twin Pine Taverns, Inc. in an amount of zero for each entity, despite listing the stock values in their schedules as $17,000 and $85,000 respectively. Samalex contends that the debtors have undervalued their respective interest in these entities and the zero value assigned was unclear.

## II.
### Because the Debtors' Have Asserted No Real Exemption With Respect to the Debtors' Interest In the Corporate Entities, the Objection is Not Ripe

With respect to the stock exemptions, Samalex Trust asserts that the Flanigans were not acting in good faith in assigning the values to their exemptions in their stock. At the hearing on the Objection to Exemptions, counsel for Debtors conceded that an exemption in the amount of zero is not a valid exemption and,

---

[1] 11 U.S.C. § 522(d)(1) exempts from property of the state "[t]he debtor's aggregate interest, not to exceed $18,450 in value, in real property or personal property that the debtor . . . uses as a residence, ..."

[2] 11 U.S.C. § 522(d)(5) exempts the "debtor's aggregate interest in any property, not to exceed in value $975 plus up to $9,250 of any unused amount of the exemption provided under [11 U.S.C. § 522(d)(1)]."

accordingly, Debtors concede that they have not exempted their stock holdings. Regardless of the Debtors' concession, the Court holds that a zero exemption is nugatory and results in no exemption taken at all. It therefore appears that Samalex's objection is not ripe at this time given the fact that the Debtors have not yet taken a meaningful exemption in their equity interests in Flanigan Trucking Service, Inc. and Twin Pine Taverns, Inc.

### III.
### The Objection to the Debtors' Exemptions to the Alleged Residence Are Untimely

The remaining exemption pertains to the residential exemption taken in real property known as 106 McGregor Road, Kittanning, PA. Before the merits of the objection to exemptions can be considered, it must first be determined whether the objection was timely filed. In this case, Debtors originally filed their petition on February 7, 2006 under Chapter 13 of the Bankruptcy Code. Although not initially raised by the Chapter 13 Trustee or any creditor, the amount of debt owed by Debtors exceeded the statutory maximum for a chapter 13 set forth in 11 U.S.C. §109(e). Prior to conversion of this case to a Chapter 11, a 341 meeting of creditors was commenced on February 21, 2006 and continued and concluded on June 5, 2006. Thereafter, Debtors moved to convert their case to a Chapter 11 and the order granting their motion was entered on March 14, 2007. After conversion to Chapter 11, another 341 Meeting of Creditors was convened and closed on May 10, 2007. Samalex filed the present Objection to Exemption on

June 4, 2007.

Samalex argues that upon conversion to Chapter 11, the thirty day period proscribed by Fed.R.Bankr.P. 4003(b) should begin to run anew. If a new objection period is treated as commencing upon conversion, the objection filed by Samalex is timely with regard to the second §341(a) meeting of creditors held upon Debtors' conversion to Chapter 11.

Pursuant to Fed.R.Bankr.P. 4003(b), a party in interest may file an objection to exemptions within thirty days of the conclusion of the §341 meeting of creditors or the filing of an amendment to a schedule, whichever is later.

While the Third Circuit has not addressed the issue, other courts have held that conversion to Chapter 11 and the resulting §341(a) meeting of creditors in the Chapter 11 case does not re-institute the time period to object to the debtor's exemptions. See e.g., In re Bell, 225 F.3d 203 (2d Cir. 2000); In re Smith, 235 F.3d 472 (9th Cir. 2000); In re Rogers, 278 B.R. 201 (Bankr. D. Nev. 2002); In re Fonke, 321 B.R. 199 (Bankr. S.D Tex. 2005). The courts that have found that no new period commences have relied primarily upon statutory construction and plain language of the relevant Code sections, and this Court finds these holdings to be persuasive.

This Court is further guided by the decision rendered in Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S. Ct. 1644 (1992), a case originating in the Third Circuit. In Taylor v. Freeland & Kronz, the issue of timeliness of an objection to

exemption was squarely addressed by the Supreme Court of the United States. The Chapter 7 trustee in Taylor v. Freeland & Kronz was prohibited from objecting to debtor's exemption where he had not timely done so despite the fact that the exemption was one that lacked statutory basis or validity. The debtor in Taylor v. Freeland & Kronz exempted the proceeds of an employment discrimination lawsuit with a value of "unknown". When the debtor obtained a substantial recovery, the trustee attempted to obtain the proceeds for the benefit of the estate. Having failed to timely challenge the validity of the exemption, the trustee was not permitted to deprive the debtor of her exemption. Id.

The Supreme Court in Taylor v. Freeland & Kronz relied on the language of 11 U.S.C. §522(l) which provides that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." 503 U.S. at 644. It further explained that deadlines prompt action and produce finality even though they may lead to unwelcome results. Id.

The Court recognizes that the Taylor v. Freeland & Kronz decision did not involve a converted case and is distinguishable in that respect. Nevertheless, the basic principles of Taylor v. Freeland & Kronz are applicable to the present case. The moving party, Samalex, is a prepetition creditor who had the opportunity to object to the exemptions during the course of the Chapter 13. Having failed to initially avail itself of its ability to object to the Debtors' claimed exemptions, Samalex is not now permitted to have a second bite at the apple.

Samalex further asserts that the exemption claimed by the Debtors is invalid based on both jurisidictional and legal bases. As to jurisdiction, Samalex points out (although not specifically pled) that the Flanigans were not eligible to be debtors in Chapter 13 because they exceeded the debt limits set forth in 11 U.S.C. §109(e) at the time of the filing of their exemptions. According to Samalex, the Debtors' ineligibility under Chapter 13 should compel the Court to render the exemptions a nullity in the first instance. The Court finds this argument unpersuasive.

As this Court found in In re Tomco, 339 B.R. 145, 159 (Bankr. W.D. Pa. 2006), the failure of a debtor to be eligible based on 11 U.S.C. §109(g) (concerning creditor counseling requirements) does not deprive a court of subject matter jurisdiction. A bankruptcy filed by an ineligible debtor is not *void ab initio*. Id. at 160. In In re Ross, 338 B.R. 134, 141 (Bankr. N.D. Ga. 2006), the court expressed concern about the inevitable case, such as the present one, where administration of a case might proceed despite statutory ineligibility where the issue of eligibility for bankruptcy relief does not come to the immediate attention of the court. The Ross court found that until the bankruptcy court determines that a debtor does not have a right to be a debtor, the petition and the attendant commencing case should be acknowledged. Similarly, the failure of a debtor to be eligible pursuant to 11 U.S.C. §109(e) for chapter 13 would not deprive the

court of subject matter jurisdiction.

It is for cases and instances such as this that the finding in Tomco, supra, Ross, supra, and other cases holding similarly is appropriate. Absent jurisdiction, this entire case from the filing in February 2006 until conversion in March 2007 would be nothing more than a bad dream from which the Debtors and all involved suddenly awoke upon conversion to Chapter 11. The realities of that are not easily reconcilable. The Court cannot merely treat the filings and occurrences in the case during the period of alleged ineligibility as nonbinding as suggested by Samalex. But see Joseph Satorius, STRIKE OR DISMISS: INTERPRETATION OF THE BAPCPA 109(H) CREDIT COUNSELING REQUIREMENT, 75 Fordham L. Rev. 2231, 2262-2268 (2007). This is particularly so when Samalex did not move to dismiss the case on the basis of ineligibility during the period of time that the Flanigans were in Chapter 13 despite being aware of the issue and having the opportunity to do so.[3]

Finally, it is asserted that the Flanigans were claiming an exemption in property pursuant to 11 U.S.C. §522(d)(1) on the basis that it was their residence when it was not. Flanigans did not dispute that the property was not their residence at the time of filing. However, it was indicated that they merely relied

---

[3] Samalex advised at the hearing that it had raised the issue of ineligibility earlier in the case during the Chapter 13 in a responsive pleading. However, no affirmative relief on this basis was sought.

on their prior counsel for the preparation of their schedules.[4]  Samalex' contention that the exemptions were taken in bad faith is not founded on the basis of this record.  There was no evidence on the record that Flanigans themselves personally knew that their exemptions were improper.  Even if bad faith had been shown, as noted by the Supreme Court in Taylor v. Freeland & Kronz, the statute does not create a bad faith exception for exemptions. See Taylor v. Freeland & Kronz, 503 U.S. at 645, 112 S.Ct. at 1649 ("We have no authority to limit the application of § 522(l) to exemptions claimed in good faith").  The objection to the exemption is untimely and is overruled.

*[Remainder of Page Intentionally Left Blank]*

---

[4] The Debtors have since replaced their legal counsel, and nothing contained in this Memorandum Order should be deemed to preclude Samalex Trust from objecting to any claim for fees that prior counsel may have.

### III.
### CONCLUSION and ORDER

For the reasons set forth above, the Court hereby ORDERS, ADJUDGES and DECREES that:

1. Samalex Trust's Objection to the Debtors' claimed exemptions in their stock interests in Flanigan Trucking Service, Inc. and Twin Pine Taverns, Inc. is OVERRULED as being NOT RIPE. The Court reaches this conclusion because, by stating that the value of their exemptions is zero, the Debtors have not yet taken a legally cognizable exemption in such assets.

2. Samalex Trust's Objection to the Debtors' claimed exemption in real estate located at 106 McGregor Road, Kittanning, PA is OVERRULED as being untimely. The Court reaches this conclusion because the Objection was filed more than thirty (30) days past the closure of the first meeting of creditor's scheduled in this case.

September 10, 2007

_____
Jeffery A. Deller
U.S. Bankruptcy Judge

cc:  Donald Calaiaro, Esq.
     Gary W. Short, Esq.

**FILED**

SEP 1 0 2007

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA